HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor, | Case No. C06-5361 RBL |
| Plaintiff, | |
| v. | ORDER ON DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b) |
| PAUL MATHESON, an individual dba BABY ZACK'S SMOKE SHOP; CATHY MATHESON, an individual; and FELICIA MATHESON, an individual, | |
| Defendants. | |

## INTRODUCTION

This matter comes before the Court on defendants Paul, Cathy and Felicia Matheson's Fed. R. Civ. P. 12(b) motion to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, insufficiency of process, insufficiency of service of process, and failure to state a claim on which relief can be granted. For the reasons set forth below, the defendants' motion is DENIED.

## BACKGROUND

Plaintiff Elaine Chao, the Secretary of Labor, seeks to enjoin the defendants from continuing violations of the Fair Labor Standards Act by failing to pay employees overtime compensation, and to enforce a judgment against them for prior failures to pay overtime compensation.

ORDER
Page - 1

Paul and Cathy Matheson are a married couple who run Baby Zack's Smoke Shop in Milton. Felicia Matheson is Paul and Cathy Matheson's daughter-in-law and an employee of Baby Zack's, whose supervisory duties include signing payroll checks. According to the Secretary's complaint, the defendants have been employing their employees for weeks that last longer than 40 hours without paying them the required time and a half compensation in violation of Sections 7 and 15(a)(2) of the FLSA. Complaint, Dkt. #1-1, ¶ VIII. The Secretary also alleges that the defendants violated 29 U.S.C. §§ 211 and 215(a)(5) by "failing to make available for inspection records of the persons employed . . . and of the wages, hours and other conditions and practices of employment [they maintained]." Complaint, Dkt. #1-1, ¶ IX.

Defendants now move to dismiss this action for a multitude of reasons, all of which are unavailing.

DISCUSSION

**1. Motion to Dismiss for Lack of Subject Matter Jurisdiction**

As an initial matter, defendants move to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). A complaint must be dismissed under this rule if, considering the factual allegations in the light most favorable to the plaintiff, the action: 1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III, Section 2 of the Constitution; 2) is not a case or controversy within the meaning of the Constitution; or 3) is not one described by any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus., Inc. v. Tinnerman*, 62 F.Supp. 1062, 1063 (W.D. Wash. 1986); *see* 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1346 (United States as a defendant). When considering a motion to dismiss pursuant to Rule 12(b)(1), the Court is not restricted to the face of the pleadings, but may review any evidence to resolve factual disputes concerning the existence of jurisdiction. *McCarth v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983). A federal court is presumed to lack subject matter jurisdiction until plaintiff establishes otherwise. *Kokkonen v.*

*Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994).  Therefore, the plaintiff bears the burden of proving the existence of subject matter jurisdiction.  *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).

This Court has subject matter jurisdiction over this action.  In order for the Secretary's complaint to arise under a law of the United States, as established by *Baker*, it must state only that federal law creates a cause of action.  *Franchise Tax Board of California v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28 (1983).  Here, the Act creates a cause of action that may be brought "in any Federal or State court."  29 U.S.C. § 216(b).  29 U.S.C § 217 also gives the Court jurisdiction to grant injunctions.  Therefore, the Court has subject matter jurisdiction over the Secretary's claims.  The defendants' motion to dismiss for lack of subject matter jurisdiction is DENIED.

**2.  Motion to Dismiss for Failure to State a Claim**

Defendants argue that the Secretary has failed to state a claim for which relief can be granted under Rule 12(b)(6).  A court may dismiss a claim if it appears beyond doubt that the plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief.  *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1993), *citing Conley v. Gibson*, 355 U.S. 41, 45-56 (1957).  Here, the Secretary alleges that she has already obtained a judgment against the defendants in a previous action.  If the Secretary is able to prove facts she alleges, she would be entitled to relief .  She has also alleged facts supporting her claim for an injunction.  Therefore, defendants' motion to dismiss for failure to state a claim is DENIED.

**3.  Motion to Dismiss for Lack of Personal Jurisdiction**

Defendants move to dismiss for lack of personal jurisdiction under Rule 12(b)(2).  "Due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *International Shoe Co. v. Washington*,

326 U.S. 310, 316 (1945).  In Washington, three criteria make this determination: (1) the nonresident

defendant must purposefully do some act or consummate some transaction in the forum state; (2) the cause

of action must arise from, or be connected with, such act or transaction; and (3) the assumption of

jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice.  *See,*

*e.g., Perry v. Hamilton*, 51 Wn. App. 936, 756 P.2d 150 (1988).     The defendants own and operate Baby

Zack's, a shop located in Milton, within the Western District of Washington.  The defendants are therefore

subject to personal jurisdiction in Washington.  Defendants' motion to dismiss for lack of personal

jurisdiction is DENIED.

**4.  Motion to Dismiss for Insufficiency of Process**

Defendants argue that process was insufficient.  Apart from the initial claim that they are moving to

dismiss for insufficiency of process according to Fed R. Civ. P. 12(b)(4), they provide neither argument

nor supporting caselaw to demonstrate how process was insufficient.  Therefore, defendants' motion to

dismiss for insufficiency of process is DENIED.

**5.  Motion to Dismiss for Insufficiency of Service of Process**

Defendants argue that they were improperly served.  Citing Fed. R. Civ. Pro. 4(e), they argue that

even though Felicia Matheson and Cathy Matheson were personally served and Paul Matheson was served

by leaving a copy of the summons and complaint with a person of suitable age and discretion (in this case,

Cathy Matheson) at his dwelling house, see Dkt. #s 11, 12, and 13, they were not properly served in

accordance with state rules for service.  Under Rule 4(e) service may be effected personally or  by leaving

a copy of the summons and complaint at the defendant's dwelling house with a person of reasonable age

and discretion.  Both are proper methods of serving a defendant – even a defendant who is an alleged

member of a Native American tribe, allegedly living on tribal land.  *See* Fed. R. Civ. P. 4(e)(2).

Defendants Cathy Matheson and Felicia Matheson also argue that they were not served with a

summons at the time of service.  However, they provide nothing, not even a declaration, to support this assertion.  Further, Docket Numbers 11 and 12 demonstrate that they were, in fact, served with a summons.  Therefore, defendants' motion to dismiss for insufficiency of service of process is DENIED.

CONCLUSION

Defendants' blatantly frivolous motion to dismiss for a variety of reasons under Fed. R. Civ. P. 12(b) is DENIED.

DATED this 13th day of December, 2006.


RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER
Page - 5