FILED _____ LODGED
_____ RECEIVED

JUL - 9 2007

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                                    DEPUTY

06-CV-05361-JGM

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>PAUL MATHESON, an individual dba BABY ZACK'S SMOKE SHOP; and NICK MATHESON, an individual.<br><br>Defendants. | No. 3:06-CV-05361-RBL<br><br>(~~Proposed~~) JUDGMENT OF THE COURT |

I

Plaintiff filed a Complaint on June 28, 2006 alleging that Defendants Paul Matheson, an individual doing business as Baby Zack's Smoke Shop, Cathy Matheson, Felicia Matheson, and Nick Matheson violated the provisions of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq.*) ("the Act"). Defendants filed an Answer[1] alleging, *inter alia*, that the Act did not apply to their business because the business is located on property owned by the Puyallup

---
[1] Docket number ("DN") 20.

JUDGMENT OF THE COURT – Page 1 of 6

Office of the Solicitor
U.S. Department of Labor
1111 Third Avenue, Suite 945
Seattle, Washington 98101
(206) 553-0940

1    Tribe and the owners are enrolled tribal members.

2        The Parties subsequently stipulated to facts that, if the Act applies, establish that

3
4    Defendants Paul Matheson and Nick Matheson are employers within the meaning of the Act and

5    that they violated the overtime and record keeping provisions of the Act.[2] *See* DN 27 and 30.

6    Plaintiff then filed a motion for summary judgment on the issue of the applicability of the Act.

7    DN 31. Defendants timely filed a response to the motion. DN 34.

8        On June 25, 2007 this Court granted the Plaintiff's motion for summary judgment and

9
10   ruled that the Act's provisions are applicable to Defendants and their business. DN 35. Based on

11   this ruling, the Court hereby adopts the facts set out in the stipulations of the parties as the

12   factual findings of the Court, and enters the following **Conclusions of Law**:

13       (1)    At all relevant times Defendant Paul Matheson was an employer within the

14   meaning of the Fair Labor Standards Act as set forth at 29 U.S.C. § 203(d);

15       (2)    At all relevant times Defendant Nick Matheson was an employer within the

16
17   meaning of the Fair Labor Standards Act as set forth at 29 U.S.C. § 203(d);

18       (3)    The requirements of the Fair Labor Standards Act apply to Defendants and their

19   business as set forth in the Courts order granting Plaintiff's motion for summary judgment; and

20       (4)    Defendants' failure to compensate employees at the proper overtime rates for

21
22   work in excess of 40 hours in a work week violated the terms of the Act.

23                                              II

24       **IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Defendants,

25   ———————————————

26   [2] The stipulations do not establish that Defendants Cathy Matheson and Felicia Matheson are employers within the
     meaning of the Act. As part of her Motion for Summary Judgment, Plaintiff stated that she would dismiss the
27   Complaint against Cathy and Felicia Matheson. The Court hereby grants the motion to dismiss these two defendants.

28   JUDGMENT OF THE COURT – Page 2 of 6                          Office of the Solicitor
                                                                 U.S. Department of Labor
                                                                 1111 Third Avenue, Suite 945
                                                                 Seattle, Washington 98101
                                                                 (206) 553-0940

1  their officers, agents, servants, employees, and all persons acting or claiming to act in their

2  behalf and interest be, and they hereby are, permanently enjoined and restrained from violating

3
   the provisions of Sections 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as
4
   amended (29 U.S.C. 201 et. seq.), hereinafter referred to as the Act, in any of the following
5
6  manners:

7      (1)     Defendants shall not, contrary to Section 7 of the Act, employ any of their

8  employees engaged in commerce, or in the production of goods for commerce, or in an
9
   enterprise engaged in commerce or in the production of goods for commerce, for a workweek
10
11 longer than forty (40) hours unless the employee receives compensation for his employment in

12 excess of forty (40) hours at a rate not less than one and one-half times his regular rate at which

13 he is employed.

14
       (2)     Defendants shall not fail to make, keep and preserve records of their employees
15
16 and of the wages, hours and other conditions and practices of employment maintained by them,

17 and to provide those records to a duly authorized representative of the Administrator as

18 prescribed by the regulations of the Administrator of the Wage and Hour Division, United States

19 Department of Labor, issued and from time to time amended, pursuant to Section 11(c) of the

20 Act and found in 29 C.F.R 516.
21
       **IT IS FURTHER ORDERED** that the Plaintiff recover from Defendants the sum of
22
23 **$31,339.27** in overtime back wages for its employees as listed and allocated in the attached

24 Exhibit A. Defendants are jointly and severally liable for this amount. Payment shall be by

25 regular payroll check made **payable in the alternative to the individual employee or the U.S.**

26 **Department of Labor**, and shall be mailed to:

27

28 JUDGMENT OF THE COURT – Page 3 of 6

Office of the Solicitor
U.S. Department of Labor
1111 Third Avenue, Suite 945
Seattle, Washington 98101
(206) 553-0940

1
2
3

U.S. Department of Labor/ESA
Wage Hour Division
1111 Third Avenue, Suite 755
Seattle, WA 98101-3212

4  All checks shall be accompanied by a letter identifying the case name as <u>Chao v. Matheson et al,</u>

5  and include the employer's tax identification number.  The check shall be in the net amount

6
7  accompanied by a list of the employees for whom the check represents back wage payment, their

8  Social Security Numbers, the legal deductions made from the gross amounts due, and the last

9  known address of the employee. Defendants will be responsible for computing and paying all

10  relevant employer payroll taxes, including any applicable federal, state or local taxes. **Payment**

11  **shall be made in full within 30 days of the entry of this Judgment.**

12
13      Plaintiff shall distribute the monies paid by Defendants under this Judgment to the

14  employees identified in Exhibit "A" attached hereto or their estates if that is necessary. Any

15  money not so paid within three (3) years because of inability to locate said employees or because

16  or their refusal to accept said proceeds shall be deposited forthwith with the Treasurer of the

17  United States pursuant to 28. U.S.C. § 2041.

18
19      **IT IS FURTHER ORDERED** that the rights, if any, of Defendants' employees or ex-

20  employees not specifically mentioned in Exhibit A to this Judgment to back wages under the Act

21  are neither affected nor extinguished by this Judgment; and

22      **IT IS FURTHER ORDERED** that each party shall bear its own fees and other expenses

23
24  incurred by such party in connection with any stage of this proceeding, and shall waive all rights

25  to relief in this case under the Equal Access to Justice Act.

### III

26

27      **IT IS FURTHER ORDERED** that if the Defendants fail to make the payments as set

28  JUDGMENT OF THE COURT – Page 4 of 6

Office of the Solicitor
U.S. Department of Labor
1111 Third Avenue, Suite 945
Seattle, Washington 98101
(206) 553-0940

forth above, the Court shall appoint a Receiver. If Defendants fail to make the payments as ordered Plaintiff shall provide the Court with the names of potential Receivers. The Court may appoint the Receiver from those offered by the Secretary or may appoint another Receiver at its discretion.

Defendants shall produce to the Court appointed Receiver all books and records and any other information the Receiver requires to carry out the provisions of this Judgment. In addition, the defendants shall submit to a sworn accounting by an independent certified public accountant and/or the Receiver, and shall testify if the accountant or Receiver so decides.

The Receiver shall serve until the payment of the monetary terms of this Judgment are satisfied. Defendants shall bear the full costs and expenses of the Receiver and any accountant retained pursuant to the terms of the above paragraph.

The Receiver shall have full authority to: collect the Defendants' assets and report his/her findings to the Court and the parties; to redeem and/or liquidate the Defendants' assets and turn over the proceeds to the Secretary; if the asset is a debt that is due, to collect it and turn over the proceeds to the Secretary; to analyze all transfers of the Defendants' assets; to prevent waste or fraud; and to do all acts and take all measures necessary or proper for the efficient performance of the duties under this Judgment and Order.

Dated this 6th day of July, 2007.

THE HONORABLE RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

JUDGMENT OF THE COURT – Page 5 of 6

Office of the Solicitor
U.S. Department of Labor
1111 Third Avenue, Suite 945
Seattle, Washington 98101
(206) 553-0940

1

2  PRESENTED BY:

3
   JONATHAN L. SNARE
4  Acting Solicitor of Labor

5

6
   LAWRENCE BREWSTER
7  Regional Solicitor

8  BRUCE L. BROWN
9  Acting Associate Regional Solicitor

10

11 By: _____/Bruce L. Brown_____
        Bruce L. Brown,
12        Acting Associate Regional Solicitor

13 Dated:_____6/29/07_____

14 U.S. DEPARTMENT OF LABOR

15

16

17

18

19

20

21

22

23

24

25

26

27

28 JUDGMENT OF THE COURT – Page 6 of 6

Office of the Solicitor
U.S. Department of Labor
1111 Third Avenue, Suite 945
Seattle, Washington 98101
(206) 553-0940

**EXHIBIT "A"**

| NAME | PERIOD COVERED | GROSS TOTAL | |
|---|---|---|---|
| Afoa, Isaac | 6/24/04 - 9/23/04 | $ | 77.00 |
| Baratti, Chelsea | 3/11/04 - 6/24/04 | $ | 187.00 |
| Barns, Rashan | 3/10/05 - 5/26/05 | $ | 182.00 |
| Baskett, David | 11/17/05 - 12/15/05 | $ | 83.00 |
| Blake, Cevin | 8/19/04 - 1/6/05 | $ | 482.00 |
| Boltz, Danielle | 4/1/04 - 12/30/04 | $ | 1,068.00 |
| Christensen, Stacy | 1/13/05 - 1/20/05 | $ | 49.00 |
| Christie, Crissy | 12/11/03 - 12/8/05 | $ | 2,138.00 |
| Coker, Elizabeth | 12/11/03 - 1/15/04 | $ | 151.00 |
| Davis, Leah | 1/1/04 - 4/1/04 | $ | 2.00 |
| Devoryak, Irina V | 5/6/04 - 7/1/04 | $ | 35.00 |
| Dillion, Elizabeth | 3/11/04 - 12/1/05 | $ | 1,208.00 |
| Dowell, Jilliann | 4/14/05 - 12/8/05 | $ | 372.00 |
| Duvall, Breanna | 9/2/04 - 5/26/05 | $ | 236.00 |
| Eugley, Jennifer | 1/29/04 - 11/17/05 | $ | 1,729.00 |
| Everson, Travis | 6/24/04 - 11/17/05 | $ | 536.00 |
| Fairchild, Jonathan | 1/29/04 - 7/21/05 | $ | 1,095.00 |
| Fata, Toni | 5/27/04 - 8/4/05 | $ | 1,133.00 |
| Flaig, David | 4/28/05 - 10/13/05 | $ | 178.00 |
| Fullington, Shawn | 8/12/04 - 8/12/04 | $ | 98.00 |
| Gonzales, April | 1/8/04 - 12/8/05 | $ | 4,267.00 |
| Haer, Jessica | 8/26/04 - 6/23/05 | $ | 365.00 |
| Hallaux, Mark | 4/7/05 - 5/19/05 | $ | 96.00 |
| Hansen, Holly | 6/24/04 - 8/19/04 | $ | 166.00 |
| Hansen, Ryan | 4/7/05 - 9/15/05 | $ | 359.00 |
| Hazelton, Alecia | 1/20/05 - 7/14/05 | $ | 452.00 |
| Hicks, Jennifer | 7/8/04 - 5/26/05 | $ | 771.00 |
| Hilliard, Ryan | 1/27/05 - 3/31/05 | $ | 254.00 |

| NAME | PERIOD COVERED | GROSS TOTAL |
|---|---|---|
| Hoge, Jeffrey | 6/10/04 - 1/06/05 | $ 450.00 |
| Hubers, Stoney | 2/5/04 - 8/19/04 | $ 1,373.00 |
| Hughes, Kristy | 2/10/05 - 7/28/05 | $ 853.00 |
| Koziol, Paige M | 5/5/05 - 9/1/05 | $ 65.00 |
| Lackey, Jennifer | 7/15/04 - 7/14/05 | $ 478.20 |
| Larson, Ben | 1/8/04 - 1/8/04 | $ 36.00 |
| Lewis, Leshan | 6/3/04 - 6/3/04 | $ 24.00 |
| Marr, Ashley | 9/16/04 - 5/5/05 | $ 190.00 |
| Maxwell, Amber | 12/4/03 - 12/1/05 | $ 17.33 |
| McCoy, Casey | 10/21/04 - 11/4/04 | $ 56.00 |
| Miller, Christina | 9/23/04 - 9/23/04 | $ 40.00 |
| Morris, Matthew | 5/12/05 - 7/21/05 | $ 62.00 |
| Myrick, Veronica | 7/1/04 - 11/10/05 | $ 1,526.00 |
| Nelson, Nicole | 8/18/05 - 11/3/05 | $ 38.00 |
| Nowak, Brooke | 2/19/04 - 12/2/04 | $ 300.69 |
| Penor, Stephanie | 3/25/04 - 4/1/04 | $ 65.00 |
| Pomeroy, Melissa | 10/7/04 - 4/14/05 | $ 280.00 |
| Rancier, Jessica | 6/3/04 - 8/5/04 | $ 16.00 |
| Reeder, Tamra M | 1/13/05 - 7/14/05 | $ 477.00 |
| Sommers, Nicole | 12/11/03 - 12/11/03 | $ 41.00 |
| Spangler, Hilary | 12/8/05 - 12/8/05 | $ 27.00 |
| Starnes, Sara | 6/17/04 - 8/5/04 | $ 63.00 |
| Switzer, Allison | 1/8/04 - 3/24/05 | $ 1,771.00 |
| Taylor, Jesse | 3/18/04 - 5/20/04 | $ 124.00 |
| Tully, Patrick | 12/4/03 - 12/1/05 | $ 586.00 |
| Tyminski, Megan | 5/6/04 - 9/2/04 | $ 433.00 |
| Vang, Tiffany | 10/28/04 - 2/10/05 | $ 351.00 |
| Verwold, Leah | 9/15/05 - 11/24/05 | $ 27.00 |
| Weaver, Rachel | 2/12/04 - 4/14/05 | $ 720.00 |
| Weed, Elizabeth | 12/4/03 - 12/1/05 | $ 598.00 |

| NAME | PERIOD COVERED | GROSS TOTAL | |
|---|---|---|---|
| Wells, Yvette | 6/3/04 - 12/8/05 | $ | 1,683.05 |
| Wilson, Alysha | 12/18/03 - 9/16/04 | $ | 318.00 |
| Woodwall, Karen | 9/2/04 - 6/30/05 | $ | 481.00 |
| | **TOTAL:** | $ | **31,339.27** |