UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HILDA L. SOLIS,* Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>PAUL MATHESON, an individual dba BABY ZACK'S SMOKE SHOP; and NICK MATHESON, an individual.<br><br>Defendants. | No. 3:06-CV-05361-RBL<br><br>(Revised to comply with COA order)<br>JUDGMENT OF THE COURT |

* Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure the caption has been changed to reflect the confirmation of Secretary Solis.

I

Plaintiff filed a Complaint on June 28, 2006 alleging that Defendants Paul Matheson, an individual doing business as Baby Zack's Smoke Shop, Cathy Matheson, Felicia Matheson, and Nick Matheson violated the provisions of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq.*) ("the Act"). Defendants filed an Answer[1] alleging, *inter alia*, that the Act

---

[1] Docket number ("DN") 20.

Office of the Solicitor
U.S. Department of Labor
1111 Third Avenue, Suite 945
Seattle, Washington 98101
(206) 553-0940

did not apply to their business because the business is located on property owned by the Puyallup Tribe and the owners are enrolled tribal members.

The Parties subsequently stipulated to facts that, if the Act applies, establish that Defendants Paul Matheson and Nick Matheson are employers within the meaning of the Act and that they violated the overtime and record keeping provisions of the Act.[2] *See* DN 27 and 30. Plaintiff then filed a motion for summary judgment on the issue of the applicability of the Act. DN 31. Defendants timely filed a response to the motion. DN 34.

On June 25, 2007 this Court granted the Plaintiff's motion for summary judgment and ruled that the Act's provisions are applicable to Defendants and their business. DN 35. Based on this ruling, the Court hereby adopts the facts set out in the stipulations of the parties as the factual findings of the Court, and enters the following **Conclusions of Law**:

(1)  At all relevant times Defendant Paul Matheson was an employer within the meaning of the Fair Labor Standards Act as set forth at 29 U.S.C. § 203(d);

(2)  At all relevant times Defendant Nick Matheson was an employer within the meaning of the Fair Labor Standards Act as set forth at 29 U.S.C. § 203(d);

(3)  The requirements of the Fair Labor Standards Act apply to Defendants and their business as set forth in the Courts order granting Plaintiff's motion for summary judgment; and

(4)  Defendants' failure to compensate employees at the proper overtime rates for work in excess of 40 hours in a work week violated the terms of the Act.

---

[2] The stipulations do not establish that Defendants Cathy Matheson and Felicia Matheson are employers within the meaning of the Act. As part of her Motion for Summary Judgment, Plaintiff stated that she would dismiss the Complaint against Cathy and Felicia Matheson. The Court hereby grants the motion to dismiss these two defendants.

**II**

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Defendants, their officers, agents, servants, employees, and all persons acting or claiming to act in their behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of Sections 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. 201 et. seq.), hereinafter referred to as the Act, in any of the following manners:

(1) Defendants shall not, contrary to Section 7 of the Act, employ any of their employees engaged in commerce, or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty (40) hours unless the employee receives compensation for his employment in excess of forty (40) hours at a rate not less than one and one-half times his regular rate at which he is employed.

(2) Defendants shall not fail to make, keep and preserve records of their employees and of the wages, hours and other conditions and practices of employment maintained by them, and to provide those records to a duly authorized representative of the Administrator as prescribed by the regulations of the Administrator of the Wage and Hour Division, United States Department of Labor, issued and from time to time amended, pursuant to Section 11(c) of the Act and found in 29 C.F.R 516.

**IT IS FURTHER ORDERED** that the Plaintiff recover from Defendants the sum of **$31,339.27** in overtime back wages for its employees as listed and allocated in the attached Exhibit A. Defendants are jointly and severally liable for this amount. Payment shall be by

Office of the Solicitor
U.S. Department of Labor
1111 Third Avenue, Suite 945
Seattle, Washington 98101
(206) 553-0940

regular payroll check made **payable in the alternative to the individual employee or the U.S. Department of Labor**, and shall be mailed to:

> U.S. Department of Labor/ESA
> Wage Hour Division
> 1111 Third Avenue, Suite 755
> Seattle, WA 98101-3212

All checks shall be accompanied by a letter identifying the case name as Chao v. Matheson et al, and include the employer's tax identification number. The check shall be in the net amount accompanied by a list of the employees for whom the check represents back wage payment, their Social Security Numbers, the legal deductions made from the gross amounts due, and the last known address of the employee. Defendants will be responsible for computing and paying all relevant employer payroll taxes, including any applicable federal, state or local taxes. **Payment shall be made in full within 30 days of the entry of this Judgment.**

Plaintiff shall distribute the monies paid by Defendants under this Judgment to the employees identified in Exhibit "A" attached hereto or their estates if that is necessary. Any money not so paid within three (3) years because of inability to locate said employees or because or their refusal to accept said proceeds shall be deposited forthwith with the Treasurer of the United States pursuant to 28. U.S.C. § 2041.

**IT IS FURTHER ORDERED** that the rights, if any, of Defendants' employees or ex-employees not specifically mentioned in Exhibit A to this Judgment to back wages under the Act are neither affected nor extinguished by this Judgment; and

Office of the Solicitor
U.S. Department of Labor
1111 Third Avenue, Suite 945
Seattle, Washington 98101
(206) 553-0940

**IT IS FURTHER ORDERED** that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, and shall waive all rights to relief in this case under the Equal Access to Justice Act.

Dated this 7th day of July, 2009.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE


PRESENTED BY:

CAROL DE DEO
Deputy Solicitor for National Operations

LAWRENCE BREWSTER
Regional Solicitor

BRUCE L. BROWN
Associate Regional Solicitor


By: ___/Bruce L. Brown_____
    Bruce L. Brown,
    Associate Regional Solicitor
    U.S. Dept. of Labor
    1111 Third Ave., Suite 945
    Seattle, WA 98101
    Ph. 206-553-0940 x-8056

Dated: _____6/23/09_____

U.S. DEPARTMENT OF LABOR

JUDGMENT OF THE COURT – Page 5 of 5

Office of the Solicitor
U.S. Department of Labor
1111 Third Avenue, Suite 945
Seattle, Washington 98101
(206) 553-0940